Michael W. Homer (#1535)
Noah M. Hoagland (#11400)
*SUITTER AXLAND, PLLC*
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355

*Attorneys for Plaintiff The Travelers Indemnity Company of Illinois*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, a Connecticut corporation, as a subrogee of THE BOYER COMPANY, L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br><br><br>Case No. 2:10-cv-00609<br><br>Judge Bruce S. Jenkins |

Plaintiff The Travelers Indemnity Company of Illinois ("Travelers"), by and through

counsel, Michael W. Homer and Noah M. Hoagland of Suitter Axland, PLLC, hereby seeks

declaratory relief pursuant to 28 U.S.C. § 2201 *et. seq.*, seeks monetary damages for subrogation,

breach of contract, and breach of the covenant of good faith and fair dealing, and alleges as follows:

## INTRODUCTION

1. This action is filed pursuant to the provisions of 28 U.S.C. section 2201 *et. seq.* Travelers seeks an order from this Court declaring ACE American Insurance Company's ("ACE") duties and responsibilities under the insurance policy that ACE has with its insured, Standard Parking Company ("Standard Parking"), under which Travelers' insured, The Boyer Company, L.C. ("Boyer"), is listed as an additional insured. Specifically, Travelers seeks an order declaring that ACE had a duty to defend and indemnify Boyer in the litigation captioned *Camille Roberts and Mike Roberts v. The Boyer Company, L.C. et. al* in the Third Judicial District Court in and for the County of Salt Lake, State of Utah (Case No. 060909231) because Standard's policy with ACE included Boyer as an additional insured. Travelers also seeks damages for subrogation, for ACE's breach of its insurance contract with Boyer, and for ACE's bad faith in refusing to honor its obligations under that insurance contract.

## PARTIES

2. Plaintiff Travelers is an insurance company licensed to do business in the State of Utah, with its principal place of business being in Hartford, Connecticut.

3. Upon information and belief, Defendant ACE is an insurance company with its principal place of business being located in Philadelphia, Pennsylvania.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1331 because it arises under the laws of the United States.

5. This Court also has jurisdiction pursuant to 28 U.S.C. section 1332(a) because it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. Venue is proper pursuant to 28 U.S.C. section 1391.

**GENERAL FACTUAL ALLEGATIONS**

7. This case arises out of an insurance coverage dispute over a personal injury claim that occurred at the Gateway Parking Garage located at 400 West South Temple Street in Salt Lake City, Utah (the "Garage").

8. As memorialized in a May 4, 2000 Management Agreement between Boyer and Standard Parking, the Garage was owned by Boyer and operated by Standard Parking.

**The Management Agreement**

9. Under the Management Agreement, Standard Parking was required to carry and maintain "Garage liability insurance on an occurrence form basis with policy limits of not less than $1,000,000 per occurrence with an annual aggregate limit of $2,000,000."

10. Further, the Management Agreement required that Standard Parking's garage liability insurance "be endorsed to cover [Boyer] and its employees, agents, directors and officers as additional insureds."

11. As required by the Management Agreement, Standard Parking carried and maintained garage liability insurance with ACE. The policy number of this policy is GAR H07944834 (the "Policy"). The Policy was effective for the period from January 1, 2004 though January 1, 2005.

12. As required by the Management Agreement, the Policy added Boyer as an additional insured.

**The Personal Injury Claim**

13. On June 2, 2006, Camille and Mike Roberts commenced a litigation in the Third Judicial District Court in and for Salt Lake County, State of Utah (Third District Case No. 060909231) against Boyer and unnamed "maintenance company" and "management company" defendants (the "underlying litigation").[1]

14. The *Complaint* in the underlying litigation alleges that Boyer "owned and/or operated" a parking garage in Salt Lake City, Utah. *Exhibit A, Complaint, ¶ V.*

15. The *Complaint* further alleges that on June 5, 2004, while walking through the parking garage Camille Roberts stepped on a foam expansion joint, which "sunk causing her to twist her ankle and fall. She struck her knee on the expansion joint. Mrs. Roberts also struck her head on a concrete post when she fell and was somewhat dazed until she was treated at the hospital." *Exhibit A, Complaint, ¶¶ VI-VIII.*

---

[1] The *Complaint* filed in the underlying litigation is attached hereto as Exhibit A.

16. The *Complaint* further alleges that "[t]he material used in the expansion joints in and/or as maintained by defendants was dangerous to uses of the parking garage because of its compressible nature. The fill material should have been covered and/or explicit warnings should have been posted by defendants warning users of the fill material." *Exhibit A, Complaint,* ¶ X.

17. The *Complaint* alleges that Boyer and the unnamed defendants were negligent, and that as a "direct and proximate result" of such negligence, Camille and Michael Roberts incurred damages including, health care expenses, future medical expenses, loss of income, loss of future income, physical and emotional pain and suffering, disability, loss of enjoyment of life, loss of consortium, and attorney fees. *Exhibit A, Complaint,* ¶¶ XI-XVI.

**ACE Refuses to Defend Boyer**

18. On May 27, 2008, Travelers, on behalf of Boyer, sent a letter to ACE requesting that ACE Defend Boyer in the underlying litigation. Travelers letter states: "The contract that is in place between our two insureds requires that Standard Parking name Boyer Company as an additional insured under its general liability policy. . . . Based on the additional insured status of Boyer Company, we hereby tender this claim to you to defend Boyer."

19. On October 24, 2008, ACE sent a letter to Travelers denying the request to defend Boyer. ACE's sole reason for denying this tender was because "there is no indication that the subject incident arose out of Standard's garage operations."

**Travelers' Defense and Settlement of the Underlying Litigation**

20. Because ACE refused to defend and indemnify Boyer in the underlying litigation, Travelers provide a defense and incurred defense costs, including approximately $85,000 in attorney fees and litigation expenses.

21. After litigating the underlying litigation for several months, Travelers and Boyer reached a settlement, under which Travelers paid Camille and Michael Roberts $300,000 to settle all claims. In consideration of this defense and payment, Boyer has assigned to Travelers all of Boyer's rights to recover from ACE.

**Terms of Standard Parking's Garage Liability Policy**

22. The relevant provisions of the Policy appear in Garage Coverage Form and attached endorsements.

23. Under Section II, Part A, the Garage Coverage Form provides for coverage of "bodily injury" and "property damage" as follows:

> **A.     Coverage**
>
> **"GARAGE OPERATIONS" - OTHER THAN COVERED "AUTOS"**
>
> We will pay those sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or used of covered "autos".
>
> We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend an "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . . .

(Garage Coverage Form, Section II, Part A).

24. The Garage Coverage Form defines "insureds" as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage." (Garage Coverage Form, Section VI, Paragraph G).

25. Under the "Who Is An Insured" provision of the Garage Coverage Form:

> b. The following are "insureds" for "garage operations" other than covered "autos":
>
> (1) You.
> (2) Your partners . . ., "employees", directors or shareholders but only while acting within the scope of their duties.

(Garage Coverage Form, Section II, Paragraph A.1).

26. The "Who Is An Insured" provision of the Garage Coverage Form is modified by an endorsement, which states:

> Section II - Liability Coverage, A. Coverage, 1. Who is an Insured, b., is amended to add:
>
> (3) Any person or organization you are obligated to include as an additional insured under this policy pursuant to any written contract or agreement which requires you to furnish insurance to that person or organization of the type provided by this policy or where a certificate of insurance has been issued showing that person or organization as an additional insured, but only with respect to liability arising out of your "garage operations". However, the insurance provided will not exceed the coverage limits under the policy.

(Garage Coverage Form, Endorsement 8).

27. The Garage Coverage Form defines "bodily injury" as

follows:

> **C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

(Garage Coverage Form, Section VI, Paragraph C).

28. The Garage Coverage Form defines "property damage" as follows:

> **M.** "Property damage" means damage to or loss of use of tangible property.

(Garage Coverage Form, Section VI, Paragraph M).

29. The Garage Coverage Form defines "garage operations" as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in SECTION I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business. (Garage Coverage Form, Section VI, Paragraph F).

## COVERAGE UNDER THE GARAGE LIABILITY POLICY

30. Travelers incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

31. The Policy states that ACE "will pay those sums an "insured" legally must pay as damages because of "bodily injury" . . . to which this insurance applies caused by an "accident" and resulting from "garage operations".

32. The Policy adds as an "insured" "[a]ny person or organization you are obligated to include as an additional insured under this policy pursuant to any written contract or agreement which requires you to furnish insurance to that person or organization of the type provided by this policy."

33. Under the Management Agreement, Standard Parking was required to add Boyer as an additional insured to its Garage Liability Policy.

34. Through and endorsement, the Policy adds Boyer "as an additional insured, but only with respect to liability arising out of [Standard's] 'garage operations'."

35. The Policy broadly defines "garage operations" to as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations", and to "include all operations necessary or incidental to a garage business."

36. The *Complaint* in the underlying litigation alleges that Camille Roberts was injured while walking through the Garage.

37. Because the Policy broadly extends coverage to Boyer to any "liability arising out of [Standard's] 'garage operations'", and because the Policy broadly defines "garage operations", the allegations raised by the *Complaint* in the underlying litigation against Boyer triggered ACE's coverage obligations under the Policy.

38. Consequently, ACE was required under the clear and unambiguous terms of the Policy to defend and indemnify Boyer from the claims raised in the underlying litigation.

## FIRST CAUSE OF ACTION- DECLARATORY JUDGMENT

39. Travelers incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

40. Based on the foregoing, there is an actual controversy between Travelers and ACE over whether Boyer was entitled to insurance coverage and indemnification under the Policy in the underlying litigation.

41. Travelers is therefore entitled to a declaratory judgment by this Court stating that under the Policy, ACE had duty to defend and a duty to indemnify Boyer against any alleged liability for the claims in the underlying litigation.

42. Travelers is also entitled to additional relief that this Court determines is just and proper.

## SECOND CAUSE OF ACTION- BREACH OF CONTRACT

43. Travelers incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

44. The Policy is a legally binding and enforceable and contract.

45. Boyer performed and otherwise satisfied all of its obligations under the Policy.

46. Upon information and belief, ACE accepted insurance premiums from Standard as required by the Policy.

47. Despite the foregoing, ACE refused to defend and indemnify Boyer in the underlying litigation, thereby breaching the contractual duties that ACE owed to Boyer.

48. As a direct result of ACE's breach of its contractual duties, Travelers was forced to defend Boyer in the underlying litigation, and to pay funds for the settlement of the underlying litigation. In consideration of this defense and payment, Boyer assigned to Travelers all of Boyer's rights to recover from ACE.

49. As a direct result of ACE's unreasonable actions, Travelers was forced to incur costs in the form of litigation expenses and attorney fees in bringing this action.

50. As such, Travelers is entitled to recover damages from ACE to compensate Travelers for its defense costs and the funds Travelers paid to settle the underlying litigation, as well as the attorney fees and costs incurred in brining this action.

## THIRD CAUSE OF ACTION- BAD FAITH

51. Travelers incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

52. The Policy contains an implied covenant of good faith and fair dealing between ACE and Boyer.

53. The scope of the implied covenant of good faith and fair dealing includes, among other things the duty to diligently investigate, fairly evaluate, promptly and reasonably pay or deny a claim, and other duties as set forth under Utah and Federal law.

54. ACE unreasonably denied Boyer's request for ACE to defend and indemnify Boyer in the underlying litigation without any good faith basis to deny coverage.

55. The duty to defend is broader than the duty to indemnify, and based on the allegations raised in the *Complaint* in the underlying litigation, the Policy required ACE, at a minimum, to defend Boyer in the underlying litigation.

56. The terms of Policy also required ACE to indemnify Boyer from the claims raised in the *Complaint* in the underlying litigation.

57. As a direct result of ACE's unreasonable actions and bad faith, Travelers was forced to defend Boyer in the underlying litigation, and to pay funds for the settlement of the underlying litigation. In consideration of this defense and payment, Boyer assigned to Travelers all of Boyer's rights to recover from ACE.

58. As a direct result of ACE's unreasonable actions, Travelers was forced to incur costs in the form of litigation expenses and attorney fees in bringing this action.

59. As such, Travelers is entitled to recover damages from ACE to compensate Travelers for its defense costs and the funds Travelers paid to settle the underlying litigation, as well as the attorney fees and costs incurred in brining this action.

**FOURTH CAUSE OF ACTION- SUBROGATION**

60. Travelers incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint.

61. Boyer was an additional insured under the Policy.

62. As an additional insured, the Policy required ACE to provide Boyer with insurance coverage for claims arising out of "garage operations", including personal injury claims.

63. ACE refused to defend Boyer in the underlying litigation, thereby breaching the contractual duties that ACE owed to Boyer.

64. As a direct result of ACE's unreasonable actions, Travelers was forced to defend Boyer in the underlying litigation, and to pay funds for the settlement of the underlying litigation. In consideration of this defense and payment, Boyer assigned to Travelers all of Boyer's rights to recover from ACE.

65. As a direct result of ACE's unreasonable actions, Travelers was forced to incur costs in the form of litigation expenses and attorney fees in bringing this action.

66. As such, Travelers is entitled to recover damages from ACE to compensate Travelers for its defense costs and the funds Travelers paid to settle the underlying litigation, as well as the attorney fees and costs incurred in brining this action.

## PRAYER FOR RELIEF

Wherefore, Travelers prays for the following relief from this Court:

1. For declaratory judgment that ACE had a duty to defend and indemnify Boyer under Standard Parking's garage liability policy (Policy No. H07944834) for the injury and causes of action asserted in the litigation captioned *Camille Roberts and Mike Roberts v. The*

*Boyer Company, L.C. et. al* in the Third Judicial District Court in and for the County of Salt Lake, State of Utah (Case No. 060909231);

    2.    For a monetary judgment that includes Travelers' defense costs and the funds Travelers paid to settle the underlying litigation, plus interest;

    3.    For Travelers' reasonable attorney fees and costs incurred in pursuit of this action; and

    4.    For such other and further equitable and/or legal relief as the Court deems just and proper.

DATED this 2nd day of July, 2010.

                        SUITTER AXLAND, PLLC

                        By:    <u>/s/ Michael W. Homer</u>
                                Michael W. Homer
                                Noah M. Hoagland
                                *Attorneys for Plaintiff*

**Plaintiff's Address:**

The Travelers Indemnity Company of Illinois
One Tower Square 7MS
Hartford, CT 06183

*T:\1000\1400\464\COMPLAINT DEC RELIEF.wpd*